**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| FANNY L.D.C., | : |
| Petitioner, | : Civil Action No. 19-14815 (JMV) |
| v. | : **OPINION** |
| RONALD EDWARDS, | : |
| Respondent. | : |

**VAZQUEZ, District Judge:**

### I. INTRODUCTION

Presently before the Court is Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, challenging her ongoing immigration detention since July 5, 2018 (the "Petition"). (DE 1.) By way of that pleading, Petitioner requests that this Court order "Respondent[] to immediately release Petitioner from custody; [e]nter preliminary and permanent injunctive relief enjoining Respondent[] from further unlawful detention of Petitioner"; and grant Petitioner an electronic monitoring device. (*Id.* at 23.) For the reasons stated herein, the Petition is denied.

### II. BACKGROUND

Petitioner is a native and citizen of Colombia who entered the United States in or around March 25, 1998 as a visitor on a B2 non-immigrant visa. (DE 7-1, at 7.) On July 5, 2018, Immigration and Customs Enforcement ("ICE") served upon Petitioner a Notice to Appeal which charged her as removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act

("INA") for being "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (*Id.* at 4.)

That same day, ICE informed Petitioner that she would be detained pursuant to 8 U.S.C. § 1226(a) pending removal proceedings, and that she could request an individualized bond hearing to review ICE's custody determination. (*Id.* at 17–18.) Petitioner requested such a hearing. (*Id.* at 17.) In accordance with Petitioner's request, a master calendar hearing and a bond hearing was held before an immigration judge ("IJ") on July 18, 2018. (DE 7-2 ¶ 3.) The IJ denied Petitioner's request for bond because her extensive criminal history indicated that she posed a danger to the community. (DE 7-1, at 32.) Petitioner reserved her right to appeal that decision and was advised that any appeal was required to be filed by August 17, 2018. (*Id.*) The master calendar hearing was adjourned to permit counsel time to prepare. (DE 7-2 ¶ 3.)

Thereafter, the master calendar hearing was adjourned several times. Finally, on February 8, 2019, Petitioner appeared with counsel for a hearing on Petitioner's motion to terminate the removal proceeding. (*See* DE 7-2 ¶ 10; DE 7-1, at 24–27.) IJ Lisa de Cardona granted Petitioner's motion to terminate removal, finding that Petitioner met her burden of proving that she had lawfully entered the United States. (DE 7-1, at 26–27.) Specifically, Petitioner presented evidence that she had lawfully entered the United States on March 25, 1998 at Miami International Airport on a visitor visa. (*Id.*)

Following the February 8, 2019 hearing, ICE issued a second Notice to Appear to Petitioner, which this time charged her as removable under INA § 237(a)(1)(B) for remaining in the United States for longer than 180 days without authorization. (DE 7-1, at 7.) Petitioner was

informed that she would be detained pending removal proceedings and Petitioner again requested a hearing before an IJ to review the custody determination. (*Id.* at 22.)

On March 4, 2019, Petitioner was scheduled to appear for a master calendar hearing and a bond hearing. (DE 7-2 ¶ 12.) That hearing, however, was canceled due to inclement weather. (*Id.*) On March 6, 2019, Petitioner's counsel appeared on her behalf for a master calendar hearing and a bond hearing before an IJ. (*Id.* ¶ 13.) The master calendar hearing was adjourned and, at the request of Petitioner's counsel, the IJ took no action on bond. (*Id.*)

On April 3, 2019, Petitioner appeared with counsel for a master calendar hearing at which Petitioner filed applications for relief from removal. (*Id.* ¶ 14.) The hearing was adjourned to June 13, 2019 to an individualized calendar hearing on the merits. (*Id.*) On June 13, 2019, Petitioner appeared with counsel for an individual calendar hearing before an IJ. (*Id.* ¶ 15.) At that time, the IJ denied Petitioner's applications for relief and ordered her to be removed to Colombia. (*Id.*) On July 12, 2019, Petitioner filed an appeal of the IJ's decision with the Board of Immigration Appeals ("BIA"). (*Id.*) Petitioner's appeal is currently pending. (*Id.*)

On or about July 8, 2019, Petitioner filed the present Petition under § 2241. Petitioner requests that this Court release her from custody, enjoin Respondent from detaining her further, and grant her an electronic monitoring device. (DE 1, at 23.) Respondent argues that the Petition should be denied because this Court lacks jurisdiction to review the IJ's custody determination. (DE 7, at 11–12.) Moreover, Respondent maintains that Petitioner's detention continues to be lawful under 8 U.S.C. § 1226(a). (*Id.* at 13.)

### III. ANALYSIS

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to an immigration detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." As

noted, Petitioner has been subject to discretionary detention under 8 U.S.C. § 1226(a) since July 5, 2018. Section 1226 vests the Attorney General ("AG") with statutory authority to detain aliens in removal proceedings before the issuance of a final order of removal, *i.e.*, during the "pre-removal" period. In that connection, § 1226(a) authorizes the AG to detain or release an alien pending a decision on whether the alien is to be removed from the United States. § 1226(a)(1)–(2). Congress specifically provided immigration officials with the discretion to determine whether bond should be granted, and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." § 1226(e). District courts sitting in habeas review therefore have no jurisdiction to review the decision of an immigration judge denying bond. *See, e.g.*, *Pena v. Davies*, Civ. No. 15-7291, 2016 WL 74410, at *2 (D.N.J. Jan. 5, 2016).

Put differently, where a § 1226(a) detainee was provided with a *bona fide* bond hearing, this Court may not grant her a new bond hearing or order her release. *Id.* Indeed, a petitioner seeking review of the bond decision must instead either file an appeal of the bond denial to the BIA or seek her release by filing a request for a bond redetermination hearing. *See Contant v. Holder*, 352 F. App'x 692, 695 (3d Cir. 2009). The only situation in which a discretionary detainee who has received a bond hearing may be entitled to habeas relief arises where the petitioner cannot demonstrate that her bond hearing was conducted unlawfully or without due process, in which this Court may have the authority to order a new bond hearing. *See, e.g.*, *Garcia v. Green*, Civ. No. 16-0565, 2016 WL 1718102, at *3–4 (D.N.J. Apr. 29, 2016); *Harris v. Herrey*, Civ. No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) (noting that district courts do not have the power to overrule denial of release after a bona fide hearing).

Here, Petitioner does not contend that she was denied a bond hearing and it is evident from the record that Petitioner received two bond hearings: the first upon her arrest by ICE in July 2018, and the second upon the issuance of the second Notice to Appear in March 2019. Petitioner does not seem to challenge the procedure followed at each of these bond hearings and instead claims that her detention as been "unreasonably prolonged" in violation of the Due Process Clause. (DE 1, at 2.)[1]

To the extent Petitioner seeks a new bond hearing based on the length of her continued detention, the Third Circuit's decision in *Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274 (3d Cir. 2018), forecloses such relief. In *Borbot*, the petitioner, who was detained pursuant to § 1226(a), argued that he was entitled to a second bond hearing because his one-year detention period was unreasonably long. *Id.* at 276–78. The Third Circuit determined that granting a bond hearing on those grounds "comes close to asking [the] Court to directly review the IJ's bond decision, a task that Congress has expressly forbidden [courts] from undertaking." *Id.* at 279. Therefore, despite recognizing that "a detention under § 1226(a) might become unreasonably prolonged," the record failed to present any reason for the Court to "decide, when, if ever, the Due Process Clause might entitle an alien detained under § 1226(a) to a new bond hearing." *Id.* at 280.

The same holds true here. Petitioner has failed to demonstrate that her sixteen-month detention, standing alone, has become so "unreasonably prolonged" so as to render her confinement unconstitutional. Petitioner has received two bond hearings—one in July 2018 and the second in March 2019—since her detention began in July 2018. Petitioner has presented no

---

[1] In the Petition, Petitioner appears to allege that her detention is pursuant to 8 U.S.C. § 1226(c), which requires the mandatory detention of certain criminal aliens. However, as the record demonstrates, Petitioner has been detained pursuant to 8 U.S.C. § 1226(a). (*See* DE 7-1, at 17, 22.)

5

evidence that either of these hearings were constitutionally defective or otherwise not *bona fide*. Moreover, Petitioner has failed to demonstrate that her sixteen-month detention is so unreasonably prolonged as to permit judicial intervention. *Cf. B.A. v. Ahrendt*, Civ. No. 18-17579, 2019 WL 3562091, at *3 (D.N.J. Aug. 6, 2019) (noting petitioner had failed to demonstrate that his sixteen-month detention was "unreasonably prolonged"). Thus, to the extent the Petition seeks a new hearing on bond, such relief is denied.

The Court is similarly unable to provide Petitioner the other relief sought, *i.e.*, order her release from detention or enjoin Respondent from detaining her further. It is well established that the only relief this Court may grant with respect to a custody determination under § 1226(a) is a bond hearing where the petitioner has not yet been provided with one. *See Pena*, 2016 WL 74410, at *2. This Court lacks the authority to review the decision of the IJ to detain Petitioner or otherwise order her release. Accordingly, the Petition will be denied.

## IV.    CONCLUSION

For the reasons stated above, Petitioner's § 2241 Petition is denied without prejudice. An appropriate Order accompanies this Opinion.


11/12/19                                                    s/ John Michael Vazquez
Date                                                        JOHN MICHAEL VAZQUEZ
                                                            United States District Judge